WELSH v. JONES et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. SALES (§§ 19, 20*)—CONTRACTS—CONSIDERATION.
   Where defendant gave plaintiff his note in payment for goods sold and delivered, and plaintiff discharged the obligation to the bank which had discounted the note, and delivered it to defendant upon his promise to deliver to plaintiff potatoes to the value of the note, there was a sufficient consideration for defendant's promise.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 31, 32; Dec. Dig. §§ 19, 20.*]

2. APPEAL AND ERROR (§ 1012*)—REVIEW—CONCLUSIVENESS OF FINDINGS.
   Where the evidence is inconclusive, the court is not called upon to disturb a judgment, unless the decision upon the facts is against the weight of evidence.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

Appeal from Cortland County Court.

Action by Nelson B. Welsh against Ada M. Jones and another, as executrices of the last will and testament of John W. Jones, deceased. From a judgment of the County Court affirming a judgment of the City Court of Cortland against the defendants, they appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Irving H. Palmer, of Cortland, for appellants.

J. T. & C. H. Gardner, of Cortland (Charles H. Gardner, of Cortland, of counsel), for respondent.

WOODWARD, J. The complaint in this action sets up two causes of action. The first of these is for goods and merchandise sold and delivered of the agreed value of $57.45, on which there had been a payment of $31.91. There does not appear to be any serious dispute as to this cause of action, though it is urged that it is overcome by the defendants' counterclaim for cabbages, etc., sold and delivered to the plaintiff. The second cause of action is based upon an allegation that on the 1st day of October, 1909, the plaintiff delivered to the defendant a certain promissory note in writing, given by the defendant to the plaintiff, upon which there remained due and payable the sum of $50, in consideration that the defendant, on the following day, deliver to the plaintiff potatoes of the value of fifty dollars, namely, 100 bushels of potatoes at 50 cents per bushel.

[1] The theory of the plaintiff's case is that the defendant, who died pending the appeal, and whose interests are represented by the present defendants, had given the plaintiff the note in question in payment for goods sold and delivered to the defendant, and that the same at the time of the agreement was held by a local bank, which had discounted the same, that the defendant was not prepared to pay the same, and that the plaintiff discharged the obligation to the bank, and delivered the note to the defendant, upon the promise of the latter to deliver the potatoes as alleged in the complaint. The judgment rests

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon this foundation, and the defendant urges that as the note was lawfully in his possession, canceled and discharged, it could afford no consideration for the agreement to deliver the potatoes. We are of the opinion that, the plaintiff having paid the defendant's obligation at the request of the latter, there was a sufficient consideration for the promise, and that the agreement having been fully performed on the part of the plaintiff that the defendant cannot be permitted on appeal to urge the statute of frauds, assuming that it might have been available if pleaded and presented upon the trial.

[2] While there is some evidence in support of the defendant's counterclaim, we are unable to discover any ground for a reversal of the judgment. The evidence was far from conclusive, and, the facts having been found by the trial court, we are not called upon to disturb the judgment unless the decision upon the facts is against the weight of evidence, and this we do not find.

The judgment appealed from should be affirmed, with costs. All concur.